FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 14, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>-vs-<br><br>AMADOR SANCHEZ MENDOZA,<br><br>    Defendant. | No.    2:11-CR-0181-WFN-14<br><br>ORDER DENYING MOTION FOR REDUCED SENTENCE |

      Pending before the Court is Defendant's Motion to Reduce Sentence. ECF No. 1043. Defendant indicates that he submitted a request for sentence reduction to the warden of his institution but did not received a response within 30 days. Consequently, he has exhausted his claim with the Bureau of Prisons [BOP].

      Defendant must demonstrate that "(i) extraordinary and compelling reasons warrant such a reduction; or (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c) . . . and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g)." 18 U.S.C. § 3582(c)(1)(A). As Defendant is not over 70 years old, he must demonstrate that extraordinary and compelling reasons warrant reduction.

      Defendant has not demonstrated extraordinary or compelling reasons warranting a sentence reduction. Defendant provides several reasons he believes he should be granted a sentencing reduction: (1) high risk of contracting COVID-19 while incarcerated due to the conditions in the prison; (2) his sentence was "unjustly long;" (3) exemplary rehabilitation: (4) he is close to his family; (5) he was a teenager at the time of conviction; (6) the government allegedly breached the plea agreement; and (7) he does not believe he would

ORDER - 1

qualify as a career offender if he had been sentenced today. The Sentencing Commission outlined four scenarios where extraordinary and compelling reasons may exist: (A) defendant's medical condition; (B) defendant's age; (C) defendant's family circumstances; and (D) other compelling circumstances or a combination of those listed above. U.S.S.G. 1.B1.13(1). The only factor Defendant addresses that is described by the Sentencing Commission is family circumstances. Defendant indicates that his family is close. Being close to your family is not a justification for a sentence reduction.

As for the high risk of contracting COVID-19, the Court recognizes that the spread of COVID-19 is difficult to curb in institutional settings. Though the Court recognizes that multiple credible reports suggest that the BOP's COVID-19 response has not successfully prevented the spread in all facilities, the danger of contracting COVID-19 does not constitute an extraordinary or compelling reason on its own. Defendant does not allege any pre-existing conditions that would put him at increased risk of serious illness or death from COVID-19.

Defendant cites to his "exemplary rehabilitation" in support of a sentence reduction. The Court is heartened to hear that Defendant has taken advantage of the opportunities available to him while incarcerated. While this would be a supportive factor pursuant to the § 3553(a), it is not a compelling or extraordinary reason for release pursuant to § 3559(c).

Defendant's concerns regarding the unjust length of his sentence, the alleged breach of the plea agreement, and the current status of the career offender provisions don't fall within the type of factors to be considered. Legal questions / issues with the underlying conviction and sentence should be addressed through other avenues such as a 28 U.S.C. § 2255 motion.

Lastly, Defendant suggests that a reduced sentence could be justified because he was a teenager when he was convicted. Review of the Court records indicate that Defendant was 32 years old at the time of sentencing.

Defendant's criminal history suggests he may pose a danger to the community. Defendant's underlying conviction was serious; he pled to several counts of drug

ORDER - 2

distribution.  As a part of his plea agreement, the Government agreed to remove one of the § 851 enhancements.  He has a concerning criminal history including multiple drug charges as well as firearm involvement and violence.  He faced a guideline range of 262 - 327 months.  He benefited from a sentence significantly below the guideline range of 180 months.  The Court has reviewed the file and Motion and is fully informed.  Accordingly,

**IT IS ORDERED** that Defendant's Motion to Reduce Sentence, filed November 13, 2020, **ECF No. 1043**, is **DENIED**.

The District Court Executive is directed to file this Order and provide copies to counsel.

**DATED** this 14th day of December, 2020.

12-09-20

WM. FREMMING NIELSEN
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 3