FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 06, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AMADOR SANCHEZ MENDOZA,<br><br>    Movant,<br><br>-vs-<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Nos.  2:11-CR-0181-WFN-14<br>        2:22-CV-0030-WFN<br><br>ORDER DENYING § 2255 MOTION |

Before the Court is Movant's 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence. ECF No. 1063. Mr. Mendoza challenges the validity of his sentence. He argues that because the Court based the sentencing determination in part on convictions recently invalidated by the Washington State Supreme Court in *State v. Blake,* 197 Wash. 2d 170, 195, 481 P.3d 521, 534 (2021) ("Accordingly, RCW 69.50.4013(1)—the portion of the simple drug possession statute creating this crime—violates the due process clauses of the state and federal constitutions and is void."), *United States v. Tucker,* mandates resentencing. 404 U.S. 443 (1972)

To gain relief, Mr. Mendoza must establish that (1) he is in custody under a sentence of this federal court; (2) his request for relief was timely; and (3) the court lacked either personal or subject matter jurisdiction, the conviction or sentence is unconstitutional, the conviction or sentence violates federal law, or the sentence or judgment is otherwise open to collateral attack. 28 U.S.C. § 2255. On May 23, 2013, the Court imposed a sentence of 180 months, the high end of the parties' Rule 11(c)(1)(C) agreement range. Mr. Mendoza remains incarcerated. The Government does not challenge the timeliness; therefore, the Court accepts the filing as timely.

ORDER ON § 2255 MOTION - 1

Mr. Mendoza argues that the Supreme Court's decision in *United States v. Tucker*, necessitates resentencing in this case because *Blake* invalidated three of Mr. Mendoza's convictions discussed on the record during sentencing.[1] In *Tucker* the Supreme Court remanded for resentencing where a court, pre-United States Sentencing Guidelines, relied on convictions found to be unconstitutional due to *Gideon v. Wainwright*, 372 U.S. 335 (1963). "A successful challenge to a presumptively valid sentence based on *Tucker* thus requires three elements: (1) a prior conviction rendered invalid by *Gideon*; (2) the sentencing judge's mistaken belief that the prior conviction was valid; and (3) enhancement of the defendant's sentence because of it." *Farrow v. United States*, 580 F.2d 1339, 1345 (9th Cir. 1978). Not every invalidated prior conviction requires resentencing pursuant to *Tucker*. See *Custis v. United States*, 511 U.S. 485, 496, 114 S. Ct. 1732, 1738, 128 L. Ed. 2d 517 (1994) ("*Custis* invites us to extend the right to attack collaterally prior convictions used for sentence enhancement beyond the right to have appointed counsel established in *Gideon*. We decline to do so."). Mr. Mendoza does not allege that *Gideon* invalidated his prior conviction so he cannot satisfy even the first element of the elements justifying resentencing.

Assuming *in arguendo* that *Tucker* applies to all prior convictions rendered unconstitutional after sentencing, Mr. Mendoza fails to satisfy the remaining elements. Though the Court acknowledges that at the time of sentencing the Court treated the simple

---

[1] Mr. Mendoza states that "six points and five convictions are based on Washington's unconstitutional drug-possession statute" but fails to specify the applicable convictions. ECF No. 1063, 2. Upon review of the Presentence Report, the convictions found at paragraphs 102, 111, and 118 each allege simple possession and each accrued 2 criminal history points. Though the Court did not cite to the paragraph numbers during the sentencing hearing, the transcript reflects that the Court mentioned two simple possession conviction.

ORDER ON § 2255 MOTION - 2

possession convictions as valid,[2] Mr. Mendoza's sentence was not enhanced as a result of the Court's presumption of validity. As the Government relates in greater detail, the Court found that Mr. Mendoza qualified as a career offender based on five separate convictions—none of which were for simple possession. The U.S.S.G. only requires two prior convictions to qualify as a career offender. U.S.S.G. § B1.1(a). The Court's calculated guideline range did not rely on the simple possession cases because the career offender finding determined his criminal history score and the guidelines relied exclusively on the drug quantity coupled with the career offender enhancement. Though Mr. Mendoza accurately notes that the Court referenced two of the simple possession convictions during the sentencing hearing, the Court addressed those convictions only to express to Mr. Mendoza that the Court would *not* be applying a § 851 enhancement and explaining to Mr. Mendoza that such a ruling benefited him. The Court ultimately accepted the parties' Rule 11(c)(1)(C) agreed range and imposed a sentence at the high end of the agreed range. The sentence represented a significant downward variance from the guideline range suggesting that Mr. Mendoza's sentence was not enhanced for any purpose, including consideration of the simple possession convictions. Mr. Mendoza argues that the sentence at the high end of the parties' agreed range implies that the Court may have been influenced by the three invalidated convictions. However, the record makes clear that the Court's decision regarding the length of sentence rested on Mr. Mendoza's conduct, the danger he presented to society, the serious crimes in his criminal history discussed on the record such as eluding, likelihood of recidivism, and to protect the safety of the community. The Court did not enhance Mr. Mendoza's sentence based on the simple possession convictions, nor did the Court rely on those convictions to determine the proper sentence within the parties' agreed range.

---

[2] In fact, the convictions were legally valid at the time of sentencing as *Blake* was decided several years later.

ORDER ON § 2255 MOTION - 3

Consequently, Mr. Mendoza fails to meet the elements of *Tucker* that would require resentencing. Unlike in *Tucker,* Mr. Mendoza's invalidated convictions represent a drop in the bucket of an otherwise lengthy and serious criminal history. Though the Court acknowledges that the simple possession convictions would have altered Mr. Mendoza's raw criminal history point total, the ultimate determination of criminal history category remained unaffected due to the career offender finding. Even at the time of sentencing, the Court expressed the most concern regarding the eluding and distribution related charges, mentioning two of the three possession convictions as a list rather than the detail the Court went into addressing the distribution related convictions.

The Court notes that the Supreme Court decided *Tucker* prior to adoption of the U.S.S.G., and case law at the time suggested that district court determinations of sentence length were presumptively valid. *Tucker* carved out an exception to this presumption where a court relied on misinformation of a constitutional magnitude. Invalidation of the prior convictions in this case did not lead to misinformation of a constitutional magnitude. Courts exercise wide latitude in sentencing discretion. The ultimate sentence fell well below the guideline range and within the parties' Rule 11(c)(1)(C) range. The prior simple possession convictions had no bearing on the ultimate sentencing range, and yet the Court still deviated from the range, sentencing Mr. Mendoza to over four years less than the low end of the applicable guideline range. Since Mr. Mendoza has not established that his sentence was illegal or unconstitutional, nor subject to collateral attack, his motion is denied.

## CERTIFICATE OF APPEALABILITY

An appeal of this Order may not be taken unless this Court or a circuit justice issues a certificate of appealability finding that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2013). This requires a showing that "reasonable jurists would find the district Court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Based on the Court's preceding analysis, the Court concludes that jurists of

ORDER ON § 2255 MOTION - 4

reason may differ with the Court's conclusion. Thus, a certificate of appealability should issue.

The Court has reviewed the file and Movant's Motion and is fully informed. Accordingly,

**IT IS ORDERED** that Movant's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255, filed February 23, 2022, **ECF No. 1063**, is **DENIED**.

The District Court Executive is directed to:

- File this Order,
- Provide copies to counsel,
- Inform the Ninth Circuit Court of Appeals that if the Movant files a Notice of Appeal that a certificate of appealability is **GRANTED**; **AND**
- Enter judgment in favor of the Respondent in 2:22-CV-0030-WFN and **CLOSE** the civil file.

**DATED** this 6th day of May, 2022.

*[signature]*

WM. FREMMING NIELSEN
SENIOR UNITED STATES DISTRICT JUDGE

04-28-22

ORDER ON § 2255 MOTION - 5